UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION


BENJAMIN BLOEDORN,

Plaintiff,

v.                    6:09-cv-55

DR. BRUCE GRUBE, DR. TERESA
THOMPSON, SUSAN NELSON,
KENNETH BROWN, CORPORAL
GEORGE HEMM,

Defendants.

## ORDER

Plaintiff Benjamin Bloedorn ("Bloedorn") sued Defendants, employees of Georgia Southern University (the "University") (collectively "Defendants"), under 42 U.S.C §§ 1983 and 1988, claiming that the University's speech policy deprived him of his rights to free speech, due process, and freedom from unreasonable seizure. *See* Doc. 54.

Bloedorn, a traveling evangelist, complained that he was denied the opportunity to preach freely on the campus without first obtaining permission from the University. *See id.* at 7, 10-11. He also contested his arrest for criminal trespass and certain other time, place, and manner restrictions. *See id.* at 2, 11-12.

Defendants moved to dismiss the bulk of these allegations. *See* Doc. 57. The Court granted in part and denied in part this motion. *See* Doc. 63.

Bloedorn also sought to enjoin Corporal George Hemm ("Hemm") from future enforcement of the University's speech policy. *See* Doc. 54 at 13. Bloedorn alleged that Hemm was still employed as a public safety officer for the University. *See* Doc. 54 at 3.

Hemm moved to dismiss the allegations against him. *See* Doc. 57. He submitted an affidavit in which he swore he was no longer a University employee. *See* Doc. 57-4 at 2-3. The Court could not consider Hemm's affidavit without turning the motion into one for summary judgment. *See* FED. R. CIV. P. 12(d). But, because it appeared that Bloedorn's allegation had no evidentiary support, *see* FED. R. CIV. P. 11(b)(3), the Court ordered Bloedorn to show cause within ten (10) days of the date of that order why his remaining claims for prospective relief against Hemm should not be dismissed. *See* Doc. 63 at 4.

Bloedorn failed to respond within this deadline. Bloedorn's remaining allegations against Hemm, *see* Docs. 54, 63, are ***DISMISSED***. *See* FED. R. CIV. P. 41(b); L.R. 41.1(b); *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) ("A district court need not tolerate defiance of reasonable orders.").


This 16th day of August 2011.


*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA