UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| BENJAMIN BLOEDORN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. CV 609-055 |
| DR. BROOKS A. KEEL, in his official capacity as President of Georgia Southern University, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

# O R D E R

One day in 2008 Benjamin Bloedorn, "an itinerant preacher who frequently seeks out busy areas on college campuses to broadcast his evangelical message for four to six hours at a time on continuous days," began preaching on a heavily trafficked grassy knoll located on Georgia Southern University's Statesboro, Georgia campus. *Bloedorn v. Grube*, 631 F.3d 1218, 1225 (11th Cir. 2011). GSU required a permit for "outside speakers" like him, but he refused, so GSU arrested him for trespassing. Those charges were later dropped. Bloedorn sued GSU officials under 42 U.S.C. § 1983 and § 1988, and this Court denied his motion for a preliminary injunction against GSU's speech policy

enforcement. Doc. 33, *aff'd*, *Bloedorn*, 631 F.3d at 1242. Afterwards, this Court directed the parties to proceed with discovery. Doc. 46.

Bloedorn then moved to amend his "complaint to clarify important facts and his legal theory," doc. 47, and this Court granted it, doc. 53, but also granted the defendants' motion to stay discovery (doc. 48) pending their motion to dismiss. Doc. 51. Defendants then amended GSU's speech policy prior to the amended complaint and thus sought a partial dismissal of it. See doc. 57-1. The Court partially granted that motion, doc. 63, and later dismissed a defendant outright. Doc. 64.

The remaining defendants again move to dismiss. Doc. 71. They argue that they have further amended their speech policy to moot all of plaintiff's remaining claims. Doc. 71. They also move to stay discovery while that motion is pending. Doc. 72. Bloedorn opposes and moves to compel discovery. Doc. 75. The Court **GRANTS** the stay motion (doc. 72) and **DENIES** the compel motion (doc. 75) because throughout this case plaintiff's claims have been steadily whittled away via summary disposition, thus sparing considerable discovery expense. And legal, not factual issues, continue to drive this litigation. In fact, it appears that all that is left for the Court to resolve is plaintiff's challenge to GSU's

"forty-eight-hour" requirement (i.e., its speech policy's rule that "outside" speakers like Bloedorn must submit, no later than 48 hours prior to the date on which they seek to reserve GSU's forum for speech, a request form).  *See* doc. 71-1 at 3-4 (GSU's revised "Speaker's Policy"); doc. 71 at 12-13 (GSU's brief); doc. 87 (Bloedorn's reply brief).[1] Finally, the Court **GRANTS** in part Bloedorn's motion to extend time (doc. 73) within which to respond to defendant's dismissal motion; his response shall be due within 21 days.

This 20th day of January, 2012.

                              /s/ G. R. Smith
                              UNITED STATES MAGISTRATE JUDGE
                              SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court is also mindful of the fact that GSU is a publicly funded institution and plaintiff's counsel may at some point file a 42 U.S.C. § 1988 fee petition premised upon any "prevailing party" claim Bloedorn may care to make.  That means taxpayer dollars are implicated in discovery which may well be moot.  And "excessive discovery" costs, for that matter, are valid fee-petition objections.  *See, e.g., Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 716 (3rd Cir. 1989); *Jaquette v. Black Hawk County, Iowa*, 710 F.2d 455, 463 (8th Cir. 1983) ("Lack of proper judicial supervision in the pretrial stage leads to excessive discovery. . . ."); *American Canoe Ass'n, Inc. v. U.S. E.P.A.*, 138 F.Supp.2d 722, 746 (E.D. Va. 2001).