UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BENJAMIN BLOEDORN,

Plaintiff,

v.                                  6:09-cv-55

DR. BROOKS A. KEEL, in his
official capacity as President of
Georgia Southern University, et al.,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court is Plaintiff Benjamin Bloedorn's ("Bloedorn") appeal of the Magistrate Judge's January 20, 2012 order. *See* Docs. 71; 88; 89.

### II. FACTS

Bloedorn sued Defendants, employees of Georgia Southern University (the "University") (collectively "Defendants"), under 42 U.S.C §§ 1983 and 1988, claiming that the University's speech policy deprived him of his rights to free speech, due process, and freedom from unreasonable seizure. *See* Doc. 54.

Bloedorn, a traveling evangelist, complains that he was denied the opportunity to preach freely on the campus without first obtaining permission from the University. *See id.* at 10. He also contested his arrest for criminal trespass and certain other time, place, and manner restrictions. *See id.* at 2, 11-12.

This Court denied Bloedorn's motion for a preliminary injunction. *See* Doc. 33. The Eleventh Circuit affirmed on February 28, 2011. *See Bloedorn v. Grube*, 631 F.3d 1218 (11th Cir. 2011). Bloedorn then amended his complaint, and the University amended its speech policy. *See* Docs. 54; Doc. 57-2 (University's second speech policy ("second Policy")).

Defendants then moved for partial dismissal. *See* Doc. 57. The Court dismissed Bloedorn's challenges to the University's complete ban on speech outside the Free Speech Zone, a grassy area that the University had designated as a public forum. *See* Doc. 63 at 7; *see also Bloedorn*, 631 F.3d at 1234 (concluding that the Free Speech Zone is a designated public forum). The Court also dismissed the rest of Bloedorn's claims except for his challenges to the second Policy's creation of discretion for the University in determining whether to grant permit requests and to the second Policy's literature distribution identification requirements. *See id.* at 8-9.

The Court did not dismiss Bloedorn's "objections" to the second Policy's requirements that a speaker request permission to speak 48 hours in advance or to its limits on the duration and frequency of a particular speaker's speech because Defendants did not challenge those objections. *See id.* at 5, 7.

The University again amended its speech policy, and Defendants brought a motion to dismiss all of Bloedorn's remaining claims and a motion for judgment on the pleadings with regards to Bloedorn's objection to the 48-hour notice requirement. *See* Docs 71; 71-1 (University's current speech policy ("current Policy")).

Defendants also filed a motion to stay all discovery in the case pending the Court's ruling on their dispositive motion. *See* Doc. 72. The Magistrate Judge granted that motion, denying Bloedorn's motion to compel discovery. *See* Doc. 88. Bloedorn appeals the Magistrate Judge's order. *See* Docs. 89.

III. STANDARD OF REVIEW

Pursuant to Local Rule 72.2, Bloedorn challenges the Magistrate Judge's January 20, 2012 order granting Defendants' motion to stay and denying Bloedorn's motion to compel. *See* Doc. 89; *see also* Doc. 88.

The Court shall set aside a non-dispositive order of the Magistrate Judge that is "clearly erroneous or contrary to law." S.D. GA. L.R. 72.2.

IV. ANALYSIS

Defendants moved to stay all discovery in the case. *See* Doc. 72. In deciding whether to stay discovery, some courts "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

The Magistrate Judge "has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n. v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). A stay of discovery, however, is improper if the discovery relates to a factual attack on subject matter jurisdiction for which the plaintiff has had no opportunity to engage in discovery. *See In re CP Ships Ltd. Securities Litigation*, 578 F.3d 1306, 1312 (11th Cir. 2009) ("In a factual challenge [to subject matter jurisdiction], the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss." (quotation omitted)), abrogated on other grounds by *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869 (2010). Thus, the Court must look to Bloedorn's remaining claims and Defendants' motion to dismiss to determine if discovery is needed on the claims at issue.

Defendants move to dismiss Bloedorn's claims, except for any claim pertaining to the 48-hour notice requirement, as being moot under the current Policy. *See* Doc. 71.

"A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief." *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998).

Defendants claim that the current Policy "eliminates a number of the provisions challenged by Plaintiff." Doc. 71 at 4.

"It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1309 (11th Cir. 2011) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). "Accordingly, the voluntary cessation of challenged conduct will only

2

moot a claim when there is no 'reasonable expectation' that the accused litigant will resume the conduct after the lawsuit is dismissed." *Nat'l Ass'n of Bds. of Pharmacy*, 633 F.3d at 1309.

"The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to recur lies with the party asserting mootness." *Friends of the Earth, Inc.*, 528 U.S. at 170. Yet, "government actor[s enjoy] a rebuttable presumption that the objectionable behavior will *not* recur." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276 (11th Cir. 2004); *see also Harrell v. The Fla. Bar*, 608 F.3d 1241, 1266 (11th Cir. 2010). Hence, "the Supreme Court has held almost uniformly that voluntary cessation [by a government defendant] moots the claim." *Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla.v. Machen*, 586 F.3d 908, 917 (11th Cir. 2009).

The Eleventh Circuit "ha[s] consistently held that a challenge to . . . government [conduct] that has been unambiguously terminated will be moot in the absence of some reasonable basis to believe that the [conduct] will [resume] if the suit is terminated." *Troiano*, 382 F.3d at 1285. "Three factors are relevant in conducting this mootness inquiry": (1) "whether the termination of the offending conduct was 'unambiguous'"; (2) "whether the change in government policy or conduct appears to be the result of substantial deliberation, or is simply an attempt to manipulate jurisdiction"; and (3) "whether the government has 'consistently applied' a new policy or adhered to a new course of conduct." *Nat'l Ass'n of Bds. of Pharmacy*, 633 F.3d at 1310.

The Magistrate Judge granted Defendants' motion to stay discovery. *See* Doc. 88. The Magistrate Judge recognized that Bloedorn's claims had already been "whittled away via summary disposition, thus sparing considerable discovery expense." *Id.* at 2. The Magistrate Judge also reasoned that the issues remaining in the case are primarily of a legal, not factual, nature. *See id.* The Magistrate Judge implicitly determined that Defendants' motion would be granted with regards to mootness, stating:

> it appears that all that is left for the Court to resolve is plaintiff's challenge to GSU's "forty-eight-hour" requirement (i.e., its speech policy's rule that "outside" speakers like Bloedorn must submit, no later than 48 hours prior to the date on which they seek to reserve GSU's forum for speech, a request form).

*Id.* at 2-3.

This Court agrees with the Magistrate Judge's evaluation of the likely disposition of Defendants' motion; nevertheless, with an abundance of caution, the Court reverses the Magistrate Judge's decision insofar as he has stayed discovery related to Defendants' factual attack on this Court's jurisdiction.

Mootness involves, in part, a factual inquiry. *See Nat'l Assoc. of Bds. of Pharmacy*, 633 F.3d at 1309, 1311 (requiring analysis of "reasonable expectation" that challenged activity will not be resumed). Defendants also admit that their motion is a factual attack on this

Court's jurisdiction. *See* Doc. 71 at 4 n.1. A Court acts improperly when it stays discovery relating to a factual attack on jurisdiction without giving the plaintiff an opportunity for discovery. *See In re CP Ships Ltd. Securities Litigation*, 578 F.3d at 1312.

Accordingly, because the Court finds that factual discovery could support Bloedorn's case, the Court ***AFFIRMS IN PART, REVERSES IN PART*** the decision of the Magistrate Judge. The parties may engage in discovery directly pertaining to the mootness of Bloedorn's remaining claims and those factors discussed in *Nat'l Ass'n of Bds. of Pharmacy* for twenty (20) days). *See* 633 F.3d at 1310. The Court will not extend this time frame. All other discovery is ***STAYED***.

## V. CONCLUSION

The Magistrate Judge's Order, *see* Doc. 88, is ***AFFIRMED IN PART, REVERSED IN PART***. The parties may engage in discovery directly pertaining to the mootness of Bloedorn's remaining claims and those factors discussed in *Nat'l Ass'n of Bds. of Pharmacy* for twenty (20) days. *See* 633 F.3d at 1310. The Court will not extend this time frame.

The parties are ***ORDERED*** to supplement their briefing regarding Defendants' motion to dismiss within thirty (30) days of this Order if necessary.

The parties are ***ORDERED*** make a good faith effort to confer with each other in continuing discovery in a manner consistent with this Order. *See* FED. R. CIV. P. 37(a)(1). All other discovery is ***STAYED***.

This 6th day of March 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4